[Cite as *State v. Luckett*, 2026-Ohio-2758.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2026-01-012<br>CA2026-01-013 |
| vs. | : | OPINION AND<br>JUDGMENT ENTRY |
| KAYLA M. LUCKETT, | : | 7/20/2026 |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. CRB 2500667

City of Hamilton Law Department, and Brian K. Harrison, for appellee.

Engel & Martin, LLC, and Josh A. Engel, for appellant.

**O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Kayla M. Luckett, appeals her Hamilton Municipal Court conviction after a jury returned verdicts finding her guilty of domestic violence and violating a protection order. For the reasons set forth below, we affirm Luckett's conviction.

**Facts and Procedural History**

{¶ 2} On March 28, 2025, a complaint was filed charging Luckett with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. The charge stemmed from allegations that, on the morning of March 27, 2025, while driving on State Route 4 in Hamilton, Luckett punched the victim, the father of her then seven-month-old child, in the head. It was further alleged that, upon arriving at the victim's home that day, Luckett then bit the victim's finger and the side of the victim's face. The altercation between Luckett and the victim arose after Luckett accused the victim of cheating on her. A domestic violence temporary protection order was subsequently issued by the trial court pursuant to R.C. 2919.26. The order prohibited Luckett from initiating or having contact with the victim, "even with the permission of the protected person."

{¶ 3} On April 19, 2025, Luckett sent a text message to the victim asking, "Did I see you at moms." Shortly thereafter, on May 1, 2025, a complaint was filed charging Luckett with violating the aforementioned domestic violence temporary protection order under R.C. 2919.27(A)(1), a first-degree misdemeanor. The matter ultimately proceeded to a one-day jury trial on January 12, 2026. During the trial, the jury heard testimony from four witnesses, including the victim and Luckett. At the conclusion of the trial, the jury returned a verdict finding Luckett guilty of both charges. The trial court then held a sentencing hearing, at which it imposed consecutive 180-day jail sentences for each offense, with 160 of those days suspended, and placed Luckett on community control for two years. The trial court also ordered Luckett to pay a total of $500 in fines plus court costs.

**Luckett's Appeal and Single Assignment of Error**

{¶ 4} On January 16, 2026, Luckett filed a notice of appeal. After briefing,

Luckett's appeal was submitted to this court for consideration on June 3, 2026, and is now properly before this court for decision. Luckett has raised one assignment of error in support of her appeal. In that assignment, she challenges the jury's verdicts finding her guilty of domestic violence and violating a protection order as being against the manifest weight of the evidence. We disagree.

*Manifest Weight of the Evidence Standard*

{¶ 5}   The manifest weight of the evidence standard is well settled. *State v. Evans*, 2026-Ohio-1237, ¶ 28 (12th Dist.). "[T]he manifest-weight-of-the-evidence standard of review applies to the State's burden of persuasion." *State v. McCollum*, 2026-Ohio-393, ¶ 13 (12th Dist.), citing *State v. Messenger*, 2022-Ohio-4562, ¶ 26. When determining whether a jury's verdict is against the manifest weight of the evidence, this court, sitting as the "thirteenth juror," reviews the entire record, weighs the evidence and all reasonable inferences, and considers the credibility of the witnesses who testified at trial. *State v. Brown*, 2025-Ohio-2804, ¶ 30. We then determine, in resolving any conflicts in the evidence, whether the jury clearly lost its way and created a manifest miscarriage of justice that requires reversal of the jury's verdict and an order for a new trial. *State v. Jordan*, 2023-Ohio-3800, ¶ 17. Such a determination is rare, arising only in exceptional cases where the evidence presented at trial weighs heavily against the jury's verdict and in favor of acquittal. *State v. Nkoyi*, 2024-Ohio-3144, ¶ 41 (12th Dist.). "This may occur only when there is unanimous disagreement with the jury's verdict." *State v. Palma*, 2025-Ohio-1318, ¶ 9 (12th Dist.).

*Domestic Violence in Violation of R.C. 2919.25(A)*

{¶ 6}   The jury found Luckett guilty of domestic violence in violation of R.C. 2919.25(A). Under that statute, "[n]o person shall knowingly cause or attempt to cause

physical harm to a family or household member." The phrase "family or household member" includes "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b). The term "physical harm" is defined in R.C. 2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

*Luckett's Argument and Analysis*

{¶ 7}   Luckett argues that the jury's verdict finding her guilty of domestic violence was against the manifest weight of the evidence because the State relied almost exclusively on the victim's trial testimony to prove its case. She further argues that the jury's reliance on that testimony was error and that her conviction for domestic violence must be reversed because it contained "numerous discrepancies," was "simply, at times, not believable," and was "consistently contradicted" by her own trial testimony. However, as the trier of fact, the jury was free to believe all, part, or none of the testimony elicited at her trial. *State v. Eads*, 2025-Ohio-2815, ¶ 11 (12th Dist.). This necessarily included the testimony offered by the alleged victim, the father of her then seven-month-old child. *State v. Abbott*, 2026-Ohio-2127, ¶ 21 (12th Dist.). This is because, as it is now well established, "the decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Bedsole*, 2022-Ohio-3693, ¶ 35 (12th Dist.). "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact or because the trier of fact believed the testimony of the state's witnesses." *State v. MacPhereson*, 2024-Ohio-5359, ¶ 21 (12th Dist.). Therefore, Luckett's first argument is without merit.

*Violating a Protection Order in Violation of R.C. 2919.27(A)(1)*

{¶ 8}   The jury also found Luckett guilty of violating a protection order under R.C. 2919.27(A)(1). That statute, in relevant part, provides that no person shall recklessly violate the terms of a protection order issued pursuant to R.C. 2919.26. Generally, a protection order issued pursuant to R.C. 2919.26 is entered as part of the alleged offender's pretrial conditions of release from jail during the pendency of certain criminal proceedings. *See Allan v. Allan*, 2014-Ohio-5039, ¶ 5 (8th Dist.). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or to be of a certain nature." R.C. 2901.22(C).

*Luckett's Argument and Analysis*

{¶ 9}   Luckett argues that the jury's verdict finding her guilty of violating a protection order was against the manifest weight of the evidence because "the single, isolated text message" she sent to the victim was an accident, "an inadvertent mistake, completely lacking the perverse disregard or heedless indifference required to satisfy the element of recklessness." However, given its verdict, the jury clearly rejected Luckett's claim that the text message was sent accidentally and, without proof that she had acted with the required mens rea of recklessness, found her guilty. In so holding, it bears repeating that "the decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *Bedsole*, 2022-Ohio-3693, at ¶ 35, (12th Dist.). "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact or because the trier of fact believed the testimony of the state's witnesses." *MacPhereson*, 2024-Ohio-5359, at ¶ 21, (12th Dist.). Therefore, Luckett's

second argument is also without merit.

## Conclusion

{¶ 10} For the reasons outlined above, and finding no merit in any of the arguments raised by Luckett herein, Luckett's single assignment of error challenging the jury's verdict finding her guilty of domestic violence and violating a protection order as being against the manifest weight of the evidence is denied.

{¶ 11} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Hamilton Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Melena S. Siebert, Judge*